/s/   Arthur W. Moore,
*Secretary.*

Lincoln Memorial Hospital, Inc., *v.* Donahue, Tax Commr.

[Cite as Lincoln Memorial Hospital, Inc., v. Donahue, Tax Commr., 13 Ohio Misc. 234.]

(No. 60646—Decided August 23, 1966.)

Board of Tax Appeals, Department of Taxation, State of Ohio.

*Messrs. Schwenker, Teaford, Brothers & Bernard* and *Mr. Windell F. Fisher,* for appellant.
*Hon. William B. Saxbe,* attorney general, and *Mr. Jon A. Ziegler,* for appellee.

APPENDIX B

This cause and matter came on to be considered by the Board of Tax Appeals upon a notice of appeal filed herein under date of January 26, 1966, by the appellant above named, from a final order of the Tax Commissioner, being Certificate of Determination No. 9805 dated December 27, 1965, wherein that official made certain findings with respect to appellant's personal property tax liability for the years 1958 through 1962 and granted a reduction of penalties as set forth in said final order.

The matter was submitted to the Board of Tax Appeals upon the notice of appeal, the statutory transcript furnished by the Tax Commissioner, the evidence and testimony presented to the Board of Tax Appeals at a hearing in Columbus, Ohio, on April 18, 1966, and the briefs supplied by counsel.

The final order of the Tax Commissioner from which this appeal was taken to the Board of Tax Appeals reads as follows:

"This proceeding, being the application of Lincoln Memorial Hospital, Inc., Columbus, Franklin County, Ohio, for review and redetermination of personal property tax assessments for the years 1958 to 1962, inclusive, after being duly heard, came on to be considered for final determination.

"The applicant herein owns and leases tangible personal property to the Lincoln Memorial Hospital Association, a non-profit corporation, which operates the Lincoln Memorial Hospital in Columbus, Ohio. The applicant did not file personal property tax returns and forced personal property tax assessments were made against it for the tax years 1958 to 1962, inclusive, covering the items of personal property leased to the Association. Such assessments included a 50% penalty and appropriate additional charges as prescribed by Section 5711.27, Revised Code, for each of the years the applicant failed to file a tax return. The applicant filed this application for review and redetermination objecting to the assessments as made and contending that such assessments were in error in the following respects:

(1) the property assessed is used exclusively for charitable purposes and is exempt from taxation; and,

(2) the penalties and additional charges assessed are excessive.

"Being fully advised in the premises, the Tax Commissioner finds that he is without authority to pass on questions of the exempt or non-exempt status of tangible personal property, such being the sole prerogative of the Ohio Board of Tax Appeals. The Tax Commissioner further finds that the property items in dispute were assessed as personal property 'used in business' and that the applicant produced no evidence to indicate that the property was not being so used within the purview of the definitive provisions of Section 5701.08, Revised Code.

"With respect to the penalties and additional charges assessed, the Tax Commissioner finds upon consideration of the evidence that the penalty assessed should be reduced to 15% per year, and that the additional charge assessed, which are mandatory by law, should be retained.

"It is, therefore, the order of the Tax Commissioner that corrective assessment action be taken consistent with the findings made herein.

"Pursuant to the provisions of Section 5711.31, Revised Code, the Tax Commissioner hereby issues this certificate of determination which is his final order with regard to the assessment here under review.

"*In conformity with Sections 5711.31 and 5717.02, Revised Code, upon the expiration of thirty days from the date appearing on this certificate of determination, a copy hereof will be forwarded to the Auditor of State or proper county auditor, whichever is applicable. When required by this certificate of determination such official is hereby directed to correct his records and tax lists and duplicates in accordance herewith and a copy of such corrections will be forwarded to the applicant.*"

The two errors alleged by appellant in its notice of appeal are set forth below:

"(1) The Commissioner erred in his determination that the assessed personal property was used by Lincoln

Memorial Hospital, Inc., for business. It was owned and used exclusively by Lincoln Memorial Hospital Ass'n., a non-profit corporation for charitable purposes; and

"(2) The Commissioner erred in his assessment of values and a penalty of 15% is excessive."

The appellant, Lincoln Memorial Hospital, Inc., is a corporation, organized for profit, and existing as such under the laws of Ohio.

The appellant is but one of several corporations involved in the matter to be considered and a history of this development is pertinent.

In the year 1954, Doctor A. H. Kanter and Doctor Richard L. McFarland, together with several medical associates, discussed the possibility of building and operating a hospital in the southeastern section of Columbus, Ohio, and after considerable planning, a corporation, not for profit, named "Lincoln Memorial Hospital" was formed in March of 1956 (The First Corporation).

To finance this original corporation Doctors Kanter and McFarland loaned the first non-profit corporation $143,000.00 and other doctors loaned smaller amounts on non-interest bearing notes totaling approximately $27,000.00.

The corporation purchased 6 acres of land on Livingston Avenue and proceeded with construction of the hospital but money ran out and local financing could not be obtained to complete and equip the hospital.

A further search was made for additional financing and finally in 1958 the Small Business Administration, an agency of the U. S. Government, agreed to lend the necessary additional money in the amount of $250,000.00, provided that the borrower would become a corporation for profit.

On March 29, 1958, the appellant herein was organized as a corporation for profit and all assets and obligations of the original corporation were transferred to and assumed by the appellant, Lincoln Memorial Hospital, Inc., (The Second Corporation). On the same date the original corporation was dissolved.

Subsequent to the formation of the new corporation (The Second Corporation), the loan was consummated by appellant (The Second Corporation) with the Small Business Administration and the hospital was completed, equipped and opened for service to the public on October 13, 1958.

The new hospital then encountered an additional problem. According to the testimony of Mr. Leshy, approximately 60 to 70% of the hospital income is derived from the Blue Cross organization, operated in Central Ohio as the Central Hospital Service and as required by law, this organization can only deal with non-profit charitable institutions.

The appellant discussed this problem with the Small Business Administration and thereafter a new non-profit corporation, known as Lincoln Memorial Hospital (The Third Corporation) was organized to operate the hospital and to gradually absorb the appellant (The Second Corporation).

At this time, Lincoln Memorial Hospital, Inc., (The Second Corporation) owned 6 acres of land on which had been erected a sixty-bed hospital, with two operating rooms and all the personal property necessary to equip the hospital for use.

The Small Business Administration held a chattel mortgage on the personal property and a real estate mortgage on the real estate of the appellant (The Second Corporation). Arrangements for repayment by appellant of this $250,000.00 indebtedness to the Small Business Administration, at the rate of $2,825.00 per month, were made and regular payments have been made to the Small Business Administration. These payments have been made to the Small Business Administration by Lincoln Memorial Hospital Association (The Third Corporation).

When the second corporation (the appellant) was formed, 100 shares of stock were issued to Doctors Kanter and McFarland with each doctor receiving 50 shares of stock. Shortly after the third corporation was formed, this stock (100 shares) was transferred to the third corpora-

tion and promissory notes of the third corporation were given to Doctors Kanter and McFarland in payment for the stock. These notes totaled $143,000.00, the exact amount advanced by Doctors Kanter and McFarland to the original corporation, and which indebtedness had been transferred to and assumed by the appellant (The Second Corporation).

There is no written lease agreement concerning either real estate or personal property between the appellant (The Second Corporation) and the Lincoln Memorial Hospital Association (The Third Corporation), which association operates the hospital. The appellant (The Second Corporation) performs no function in the operation of the hospital. The appellant (The Second Corporation) has no cash or checking accounts, receives no payments and makes no disbursements.

The testimony indicates that any and all payments made on behalf of or for the appellant were made by the Lincoln Memorial Hospital Association (The Third Corporation) from the funds of the Lincoln Memorial Hospital Association (The Third Corporation).

The testimony, on behalf of the appellant, also indicates that the financial statements of appellant (Exhibits 4 through 12) were prepared for only one purpose, which purpose was an annual submission to the Small Business Administration of the status of the appellant. Appellant is a wholly-owned subsidiary of the Hospital Association (The Third Corporation), which Hospital Association uses the property, both real and personal, operates the hospital, pays all the bills of the hospital and of the appellant, with no payment transpiring between the association and appellant. Appellant therefore urges that such operation of appellant is not an enterprise conducted for gain, profit or income and therefore is not subject to taxation since the property in question is not used in business within the purview of Section 5701.08, Revised Code.

It is also urged by appellant that the Lincoln Memorial Hospital is entitled to a tax-exempt status and since said association (The Third Corporation) is a charitable institu-

tion, and is the sole user of the personal property, that said personal property should be found tax-exempt by the Board of Tax Appeals.

Appellee urges that the Board of Tax Appeals has no jurisdiction to consider the question of tax exemption, since the question of tax exemption is being raised by appellant on appeal from a final order of the Tax Commissioner under Section 5717.02, Revised Code, and not under an application for tax exemption under Section 5703.02, Revised Code. Appellee urges that Section 5703.05, Revised Code, which section pertains to the powers of the Tax Commissioner, contains no grant of authority to the Tax Commissioner to consider appellant's claim of tax exemption and therefore it should not be considered by the Board of Tax Appeals in this appeal.

Section 5709.01, Revised Code, provides in pertinent part:

"* * *. All personal property located and used in business in this state * * * are subject to taxation, * * *."

Section 5701.08, Revised Code, in pertinent part, reads as follows:

"As used in Title LVII [57] of the Revised Code:

"(A) Personal property is 'used' within the meaning of 'used in business' when employed or utilized in connection with ordinary or special operations, when acquired or held as means or instruments for carrying on the business, * * *.

"(B) 'Business' includes all enterprises conducted for gain, profit, or income and extends to personal service occupations."

There is no question as to the jurisdiction of the request for tax exemption of the property which is the subject matter of this appeal, since such matter is not properly before the Board of Tax Appeals, and the Board of Tax Appeals is without jurisdiction, in the absence of an application for tax exemption, to decide that question.

The sole question, therefore, for the Board of Tax Appeals to decide, is whether or not the personal prop-

erty, which is the subject matter in this appeal, is "used in business" within the purview of Section 5701.08, Revised Code.

Appellee cites three cases in support of the proposition that "the renting of tangible personal property to another results in a personal property tax liability to the owner thereof."

These three cases are: *Southland Stores No. 3, Inc.*, v. *Bowers*, 171 Ohio St. 271; *Cappel* v. *Glander, Tax Commr.*, BTA No. 16464 decided December 8, 1949; and *First National Bank of Akron* v. *Bowers, Tax Commr.*, BTA No. 40577, decided November 13, 1959.

Each of these cases can be distinguished from the present case on the facts alone.

The supplemental authority provided by appellee of *Shelburne Sportswear, Inc.*, v. *Philadelphia*, decided June 24, 1966, by the Supreme Court of Pennsylvania, involved a Philadelphia Mercantile License Tax and therein the subsidiary corporation claimed "no tax due" since it made no profit. However, this subsidiary corporation conducted its own business affairs, paid its own bills, had banking accounts, employed and paid for labor, etc.

Not all corporations, organized for profit, are engaged in business.

The prime example of this situation as declared by the Supreme Court of Ohio is *The Kirtland Country Club Co.* v. *Bowers, Tax Commr.*, 174 Ohio St. 116, the syllabus of which case reads as follows:

"The personal property of an organization formed as a corporation for profit under Ohio law, which operates a private country club conducted for social and recreational purposes solely for the benefit of its members and not conducted for purposes of gain, profit or income, is not taxable under Section 5709.01, Revised Code."

In the body of the opinion of the *Kirtland case, supra,* on pages 117 and 118, the following appears:

"In the case of *American Jersey Cattle Club* v. *Glander, Tax Commr.*, 152 Ohio St. 506, 510, Taft, J.,

stated that 'the fact, that a corporation is one not for profit, does not mean that its enterprises may not be conducted for gain, profit or net income.'

"Conversely it is possible that a corporation organized as a corporation for profit may not in fact be conducted for profit. See *American Issue Publishing Co.* v. *Evatt, Tax Commr.,* 137 Ohio St. 264."

Taking into consideration all the evidence before the Board of Tax Appeals, it is the opinion of the Board of Tax Appeals that the equipment owned by appellant and used by the Lincoln Memorial Hospital Association was not and is not "used in business" within the meaning of Section 5701.08, Revised Code.

Giving effect to the conclusion herein reached, it is therefore the finding of the Board of Tax Appeals that the final order of the Tax Commissioner should be, and the same hereby is, reversed.

I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation this day taken with respect to the above matter.

/s/  EDWARD J. KIRWIN,
*Acting Secretary.*